UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RICHARD ROY VENDEVILLE,

    Petitioner,

v.                                                 Case No. 4:06-CV-89

THOMAS BIRKETT,                 HON. GORDON J. QUIST

    Respondent.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Petitioner's Objections to the report and recommendation dated May 19, 2009, in which Magistrate Judge Brenneman recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims:

    I.    The petitioner was denied a fair and impartial trial in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution when he stood trial before a jury in handcuffs, belly chains and leg irons.

    II.    The petitioner was denied a fair and impartial trial in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution when a prosecution witness was allowed to testify that the petitioner had confessed to sixteen to twenty additional crimes that the petitioner was never charged or convicted of, this 1) chilled the presumption that the petitioner was innocence [sic], and 2) lowered the prosecution's burden of proof.

    III.    The petitioner was denied his constitutional rights to Due Process pursuant to the Fourteenth Amendment of the United States Constitution when the trial court 1) gave a jury instruction on intoxication when no intoxication defense was ever used by the petitioner, and 2) applied jury instruction on a law in a retroactive fashion when the law was prospective only.

Regarding claim I, the magistrate judge concluded that the trial court properly exercised its discretion after taking into account Petitioner's history and potential risk of escape disclosed by that history. In addition, Petitioner's institutional record presented a substantial possibility that, given the chance, Petitioner would injure himself or others. The magistrate judge also found that Petitioner waived this claim through his conduct at trial. Thus, the magistrate judge concluded, the Michigan Court of Appeals decision was neither contrary to, nor an unreasonable application of, clearly established federal law announced by the United States Supreme Court.

Regarding claim II, the magistrate judge concluded that this claim involves a question of state law not cognizable in a federal habeas proceeding. Moreover, the magistrate judge observed, Petitioner cannot show that the state court's evidentiary rulings ran afoul of clearly established Supreme Court precedent, and the admission of other acts evidence does not implicate a federal right.

Finally, the magistrate judge recommended that claim III be rejected because the trial court's jury instruction raised an issue of state law not cognizable on federal habeas review. The magistrate judge further observed that given the circumstances of the case, in which Petitioner was not asserting an intoxication defense, the trial court's instruction that intoxication is not a defense could not have affected Petitioner's rights.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and the petition dismissed.

Regarding claim I, Petitioner contends that the magistrate judge's recommendation should be rejected because during his trial Petitioner did not engage in any of the conduct that prompted the trial court's concerns. Petitioner further contends that the magistrate judge failed to address the extent to which the handcuffs, belly chains, and leg irons interfered with Petitioner's ability to

communicate with his counsel. The Court rejects these arguments. That Petitioner did not engage in threatening or disruptive behavior during the trial is irrelevant to the issue of whether Petitioner's due process rights were violated. As the magistrate judge recounted, the trial court considered Petitioner's history of making potential weapons, threatening jail staff, making items to assist in an escape, exposing jail staff to bio-hazards with his urine and feces, feigning mental illness, etc. The trial court concluded that there were legitimate concerns that Petitioner would engage in misconduct during trial that might disrupt the trial and/or threaten the safety of those in the courtroom. Moreover, the trial court offered to keep the restraints hidden in order to minimize any prejudice to Petitioner. Also, in spite of Petitioner's arguments, nothing shows that the restraints hindered Petitioner from effectively communicating with his counsel. The trial court did not abuse its discretion. *See Deck v. Missouri*, 544 U.S. 622, 125 S. Ct. 2007 (2005); *Holbrook v. Flynn*, 475 U.S. 560, 568, 106 S. Ct. 1340, 1345 (1986).

Regarding claim II, Petitioner contends that the magistrate judge ignored the Court's observation in *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S. Ct. 1868 (1974), that the circumstances in a trial may be "so fundamentally unfair as to deny [a petitioner] due process." *Id.* at 645, 94 S. Ct. at 1872. Petitioner also cites *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999), as supporting his claim that the admission of other bad acts evidence deprived him of a fair trial. Petitioner's arguments are without merit. As the magistrate judge noted, state court rulings on the admissibility of evidence are not subject to habeas review unless the error denied the petitioner a fair trial. Here, the evidence of other crimes came in when the prosecution witness testified on redirect about why he did not reduce Petitioner's statements to writing – because of the complexity and number of statements involved. Petitioner's counsel raised the issue on cross examination, and the prosecutor elicited the challenged testimony to explain why the detective did not record

Petitioner's statements in writing. Furthermore, the trial court gave the jury a limiting instruction regarding the use of such testimony. These circumstances did not deny Petitioner a fair trial. Moreover, they differ substantially from those in *Kincade*, in which the prosecutor deliberately made prejudicial remarks in closing arguments, when the prosecutor should have known that such conduct was improper. There are no such circumstances here.

Finally, with regard to claim III, Petitioner argues that the magistrate judge failed to address his argument that the application of M.C.L.A. § 768.37 violated the *ex post facto* clause. While it is true that § 768.37 did not apply to Petitioner because it was enacted after Petitioner committed the charged offense, as the magistrate judge aptly put it, the instruction was a "nullity." That is, although the instruction that intoxication was not a defense was legally incorrect, it was factually correct because Petitioner neither raised nor argued an intoxication defense. The effect, then, was that the jury was precluded from considering a defense that Petitioner never raised. Moreover, as the Michigan Court of Appeals and the magistrate judge observed, there was no evidence that Petitioner was intoxicated on the night of the crime.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 19, 2009 (docket no. 34) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 35) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated: September 30, 2009 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE